DÍAZ ET AL., PETITIONERS AND APPELLEES, *v.* CIVIDANES, OPPOSER AND APPELLANT.

APPEAL from the District Court of Guayama in Administration Proceedings—Delivery of Property.

No. 1592.—Decided June 25, 1917.

ADMINISTRATION—COMMUNITY—INTERVENTION—PARTIES—APPEAL.—In this case two petitions were presented for the appointment of administrators, one by the Succession of Rufina Molinari and the other by the Succession of Ignacio Díaz, a community. Before administration was granted all the property was in the possession of Cividanes, the husband of Rufina Molinari. Administration was granted in both cases and finally Rafael Palés was appointed administrator. Cividanes appealed from the ruling in the first case, but not from that in the second. The appeal was decided in his favor and he was put in possession of the property under the first administration. He moved also to be put in possession of the property under the second administration. The court heard the motion with the intervention of the said community and its administrator and finally overruled it, from which ruling Cividanes appealed without giving notice of the appeal to the representative of the community, who moved for dismissal of the appeal on that ground. *Held:* That the intervening joint owners were also necessary parties to the appeal with a right to be heard because they were in a position to gain or lose by reason of the appeal, and it was dismissed.

The facts are stated in the opinion.
*Mr. Eduardo Acuña* for the appellant.

*Messrs. Tomás Bernardini de la Huerta* and *Jacinto Texidor* for the appellees.

Mr. Justice del Toro delivered the opinion of the court.

In March, 1915, two petitions for the appointment of administrators were made to the District Court ·of Guayama, one in the name of the Succession of Rufina Molinaris and the other in the name of the Succession of Ignacio Díaz, a community. Prior to the filing of said petitions the properties of both successions were in the custody of Manuel Cividanes, the surviving husband of Rufina Molinaris. The court appointed Genaro Cautiño administrator in both cases and the property was turned over to him. Cautiño resigned and the court appointed Rafael Palés in his stead. Cividanes appealed from the orders appointing Palés, but later withdrew his appeal in the case of the appointment of Palés as administrator of the community property. The appeal in regard to the administration of the property of Rufina Molinaris was decided in favor of Cividanes and he was appointed administrator by virtue of his character of surviving spouse. Palés delivered to Cividanes the property belonging to the Succession of Rufina Molinaris, but not the property which he considered as belonging to the community. Cividanes sued for the same in the district court and a hearing was had at which the co-owners of the community property and administrator Palés intervened by leave of the court in opposition to the claims of Cividanes. After considering the case the court, by its decision of October 13, 1916, ruled against Cividanes who thereupon took the present appeal, giving notice thereof in writing to the secretary of the court and to the petitioning heirs of Rufina Molinaris. No notice of the appeal was given to the intervenors mentioned.

The record having been sent up to this court, two motions to dismiss the appeal were filed, on the ground, among others, of the failure to give said notice.

The hearing on both motions was duly had and the court

decided to reserve its decision until after the case had been heard on its merits. A hearing on the merits took place and the case was submitted in its entirety to the court.

The brief summary which we have made suffices to show that the intervenors, being parties interested in the result of the appeal, should have been notified. They opposed the delivery of the property to Cividanes and the district court decided the question in their favor. If the appeal taken by Cividanes is sustained the effect of our decision would be to deliver the said property to the appellant. Consequently, the intervenors stand to gain or lose by the result of the appeal and, therefore, should be regarded as interested parties with a right to be heard.

"The term 'parties' as used in the rule just stated," says Ruling Case Law, "is not restricted to those named in the original pleadings nor even to those named in the final judgment or decree. At various stages of the proceedings persons who were not original parties thereto may be brought in or may come in on their own motion, for the purpose of seeking or being subjected to some relief, and when such is the case, they become parties, at least to the proceeding affecting them, and, if the order made against them is otherwise appealable, they may appeal." 2 R. C. L. 50.

And further on it is stated in the same work—

"A writ of error lies only against persons who were parties or privies to the judgment complained of, but all parties in favor of whom such judgment was rendered and who consequently would be affected by its reversal or modification must be made defendants in error." 2 R. C. L. 68.

Therefore, without need to consider and decide whether or not the district court erred in the ruling appealed from, the appeal should be

*Dismissed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.